INGALLS v. ORANGE LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. Feb. 23, 1912.)

APPEAL AND ERROR (§§ 680, 682*)—QUESTIONS REVIEWABLE—RECORD.

Where a petition, not amended, after the sustaining of a demurrer thereto, so as to meet the objections raised thereby, is not in the record, and the supplemental petition in the record does not state any cause of action, but merely replies to facts alleged in the answer, the court, on appeal from a judgment for defendant, may not review assignments of error complaining of the striking out of the supplemental petition, the sustaining of the demurrer to the petition, and the rendering of judgment for defendant, on the ground that the same was not based on any pleadings and not justified by the prayer of the defendant in his pleadings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2880–2882, 2885, 2886; Dec. Dig. §§ 680, 682.*]

Appeal from District Court, Newton County; W. B. Powell, Judge.

Action by James Ingalls against the Orange Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

W. W. Blake and J. V. Fleming, for appellant. J. T. Adams and W. O. Huggins, for appellee.

REESE, J. The following is the "statement of the nature and result of the suit" in appellant's brief: "This suit was instituted in the district court of Newton county, Tex., to set aside a judgment obtained in cause No. 986 between the parties hereto, on account of fraud charged in procurement of same. The petition sets out the matters at length. The Orange Lumber Company, appellee, filed its general demurrer and special exceptions and motion to dismiss, and the same were sustained. The effect of the judgment was final, and to the action of the court notice of appeal was given to this honorable court. This judgment was rendered on the 10th day of March, 1911, and on the 3d day of April, 1911, appellant duly perfected his appeal by filing his appeal bond."

We find nothing in the transcript, as to the pleadings, except plaintiff's supplemental petition, defendant's first amended original answer, and defendant's motion to strike out the supplemental petition. The following proceedings of the court also appear. On March 2, 1911, the court sustained the motion of defendant to strike out the supple-

mental petition. On the 10th of March, 1911, the following final judgment was rendered: "On this 10th day of March, 1911, was considered by the court the propriety of dismissing ,the above styled and numbered cause, and it being considered that at the preceding term hereof a general demurrer to the plaintiff's amended petition (the same being the last amended petition filed herein by plaintiff) was sustained, and after same was sustained plaintiff was granted leave to amend, that plaintiff did not amend, but filed herein a supplemental petition setting up certain additional matter, and on, to wit, the 2d day of March of the present term hereof, defendant's motion to strike out said supplemental petition was sustained and said supplemental petition stricken out, and it being further considered that, regarding said amended petition in connection with said supplemental petition as though same represented the plaintiff's amendment, responsive to the leave granted him to amend, the same does not attempt to supply matter for the absence of which the said general demurrer was sustained, and therefore as to the same seems tantamount to a declination to amend, and the plaintiff having not requested leave to and not having filed any pleading since said supplemental petition was stricken out, and further considering the entire matter set up on both of said pleadings (one in connection with the other) as though properly pleading the matter therein set out, and finding the same insufficient to entitle plaintiff to the relief sought, and considering generally that same does not set forth sufficient equities to entitle the plaintiff to the relief sought, and the same is insufficient to justify the court in setting aside the judgment formerly rendered in cause No. 986, styled Orange Lumber Company v. James Ingalls, and insufficient to entitle plaintiff to a new trial upon the merits thereof, and generally and of his own motion, it is ordered, adjudged, and decreed that the above styled and numbered cause be and the same is hereby in all things finally dismissed, at the cost of the plaintiff, for which execution may issue, and the officers of the court may issue execution for the costs in the behalf of each party herein respectively incurred."

The supplemental petition is entirely unintelligible, standing alone. In no aspect of it does it state a cause of action upon which any judgment could be rendered. We are able to gather from the entire record, by indulging in inference, that the plaintiff had filed a petition against defendant, seeking to have set aside a judgment which had theretofore been rendered in favor of defendant and against plaintiff. We can even infer that this judgment had something to do with land. What land, or upon what grounds the judgment was sought to be set aside, we cannot even infer. We gather from the final judgment that some demurrers and exceptions were urged by defendant to the petition, which were sustained, and that the supplemental petition was intended as a reply to certain matters of fact alleged in the answer. The petition was not amended, so as to meet the exceptions and demurrer which had been sustained, and the court dismissed the case. It seems from the judgment that the court took into consideration, in rendering the judgment, both the amended petition and the supplemental petition. The amended petition is not in the record, and the supplemental petition was not intended to, and does not, state any cause of action of any kind. The record presented to us by appellant, upon which we are asked to reverse the judgment, is clearly "but half made up."

Three assignments of error are presented by appellant: First, the court erred in striking out the supplemental petition; second, the court erred in sustaining the general demurrer to the plaintiff's petition; third, the court erred in rendering judgment in favor of defendant, because it is not based on any pleadings, and is not justified by the prayer of the defendant contained in any of its pleadings. None of the assignments can be sustained from the record before us. There is nothing to do but to affirm the judgment.

Affirmed.